IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| HEATHER, INC. D/B/A SUBWAY 527 & 25751; COUNTRY CLUB SUBS, LLC DBA SUBWAY 41537 AND LAKE STREET SUBS LLC DBA SUBWAY 63359 §§§§§<br>    Plaintiffs   § | Civil Action No. _____ |
| § | |
| v.   § | |
| § | |
| AMERICAN FIRE & CASUALTY COMPANY §§§<br>    Defendant   § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

> **Insurer arbitrarily, capriciously, or without probable cause delayed and underpaid the Policyholders' covered claims caused by Hurricane Laura and Hurricane Delta.**

NOW INTO COURT, HEATHER, INC. D/B/A SUBWAY 527 & 25751; COUNTRY CLUB SUBS, LLC DBA SUBWAY 41537 AND LAKE STREET SUBS LLC DBA SUBWAY 63359  ("HEATHER, INC." or "Insured" or "Plaintiff"), by and through their undersigned counsel, hereby issue their Original Complaint against AMERICAN FIRE & CASUALTY COMPANY ("AMERICAN FIRE" or "Insurer" or "Defendant") and allege, upon information and belief, the following:

### I.   NATURE OF ACTION

1.   HEATHER, INC. D/B/A SUBWAY 527 & 25751; COUNTRY CLUB SUBS, LLC DBA SUBWAY 41537 AND LAKE STREET SUBS LLC DBA SUBWAY 63359 ("HEATHER, INC.")  seek to recover from Defendant all damages, penalties, fees, interest, and other relief

to which they are legally entitled arising from Defendant's arbitrary and capricious failure to promptly and fully pay benefits owed under its commercial policy for losses arising from a catastrophic hurricane that made landfall in Louisiana on August 27, 2020 and/or October 9, 2020 and caused significant damage to the commercial buildings in which they conduct business, and to their loss of business income.

## II.     THE PARTIES

2.     HEATHER, INC. is an active business partnership domiciled in Lake Charles, Louisiana.

3.     Defendant herein, AMERICAN FIRE & CASUALTY COMPAY, is a foreign insurance company licensed to do business in the State of Louisiana who may be served through its registered agent of service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

4.     Upon information and belief, Defendant is an admitted insurer authorized to do, and doing business, in the State of Louisiana.

## III.     JURISDICTION AND VENUE

5.     This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiffs and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Defendant engages in the business of insurance in the State of Louisiana. The conduct of Defendant in the State of Louisiana includes:

   (a) The making and issuing of contracts of insurance with the Plaintiffs;

   (b) The taking and receiving the application of insurance from the Plaintiffs;

   (c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part

     thereof, including any such consideration or payments from the Plaintiffs; and

    (d) The issuance or deliver of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Plaintiffs.

  7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered an insurance policy to the Plaintiffs in Lake Charles, Louisiana that is the subject of this action. Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

### IV. THE POLICY

  8. At all pertinent times, including August 27, 2020 and October 9, 2020, Defendant provided a commercial policy insurance coverage to Plaintiffs' business property under said contract of insurance with full replacement cost at the time listed by the insurer as described below. The insuring agreement is identified by policy number BZA (21) 58 59 59 59 for the following properties: 1. Country Club Subs LLC d/b/a Subway 41537 at 2716 Country Club Road, , Lake Charles, Louisiana;  2. Heather, Inc. d/b/a Subway Store 527 at 125 W. McNeese Street, Lake Charles, Louisiana; 3. Heather Inc. d/b/a Subway Store 25721 at 4530 Nelson Road, Lake Charles, Louisiana and 4. Lake Street Subs LLC DBA Subway 63359.

  9. The insuring agreement required the Plaintiffs to make payments to the insurer and in exchange the insurance company would indemnify the Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium, and the relevant policy is currently in full effect, providing property, business personal property, business income, and other coverages.

10. Defendant received the application for insurance and accepted the risk for insurance and bound coverage prior to the time Hurricane Laura and/or Hurricane Delta struck Plaintiffs' businesses.

11. Pursuant to the terms of the policy, Defendant agreed to timely and promptly pay or reimburse Plaintiffs for:

    (a) Property damage to their main business;

    (b) Property damage to personal property; and

    (c) Loss of Business income.

12. The Plaintiffs purchased property coverage for the commercial properties and business personal property.

## V. DAMAGE CAUSED BY HURRICANES LAURA AND/OR DELTA

13. Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020, near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of Hackberry, Louisiana. Laura maintained Category 4 status until passing Dequincy, Louisiana. Hurricane Laura maintained Level 1 status until passing Jonesboro, LA.

14. Hurricane Delta made landfall in Creole, LA on October 9, 2020, as a Category 2 hurricane. Hurricane Delta exhibited winds at 70 mph along with wind gusts of approximately 115 mph.

15. The properties in question are less than sixty miles from passage of the eye center (in Cameron, LA during Hurricane Laura). Hurricane force winds extended out from the eye sixty miles. The properties in question sustained hurricane-forced winds, including

gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

16. The businesses were damaged by Hurricane Laura on August 27, 2020 and again on October 9, 2020 by Hurricane Delta. The Hurricanes caused major damage to the businesses. The damage includes:

(a) Significant property damage to each of the locations; and

(b) Loss of business interruption due to significant property damage and/or civil authority

17. Plaintiffs have complied with all of their duties under the policy by timely paying the premium, filing the claim, and providing notice to Defendant.

18. The Plaintiffs have sustained and continues to sustain significant damages that continue and will continue for the foreseeable future until Defendant pays for all covered damages.

### VI. INSURER'S INADEQUATE INVESTIGATION, MISREPRESENTATIONS, DELAYS, UNTIMELY PAYMENTS, AND FAILURE TO PAY

19. The chronology of the claim activities are as follows:

| Date | Activity |
| --- | --- |
| **August 25, 2020** | Mandatory Evacuation order issued for Calcasieu Parish – plaintiffs' business is disrupted. |
| **August 27, 2020** | HURRICANE LAURA Damages business |
| **August 28, 2020** | Hurricane Laura Claim filed with Insurer |
| **September 11, 2020** | Mandatory Evacuation lifted in Calcasieu Parish |
| **September 23, 2020** | Lake St. subway opened for 5 days in between Hurricane Laura and Delta, but was only allowed to do cash business, on a limited basis. Did not have full power / internet to handle credit card transactions. No other locations open. |
| **October 31, 2020** | Country Club Road subway location opens back up again. |
| **November 9, 2020** | Undersigned sends letter of representation to Insurer |

| March 30, 2021 | McNeese and Nelson Road locations finally open up again. This is the first time since Hurricane Laura that the stores could open. |
|---|---|
| May 4, 2021 | Undersigned submits proof of loss with business interruption documentation |
| May 10, 2021 | Insurer requests additional documents in response to proof of loss. |
| May 18, 2021 | Undersigned submits additional documents to insurer via dropbox link, which represents all documents that insureds' financial consultants had to come up with their reports. |

20. The Insurer has offered no further information on this claim or requested any additional information from the Insured in order to complete the loss adjustment for any of the Coverages.

21. On information and belief, on the date of the first notice by the insured, the insurer knew that HEATHER, INC. was unable to use its businesses and was under mandatory evacuation orders. Nevertheless, AMERICAN FIRE has delayed payment for loss of income by Plaintiffs and, as a result, Plaintiffs have sustained damages and continues to sustain damages as a result of the loss of business income. **To date, despite having satisfactory proof of loss, American Fire has not paid ONE PENNY for the Plaintiffs' loss of business income.**

### VII. CAUSES OF ACTION
#### A. COUNT 1: BREACH OF CONTRACT

22. The Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 21 of this Original Complaint.

23. As set forth above, the Plaintiffs entered into a contract of insurance with Defendant that provides coverage for, *inter alia,* Property Damage and coverage for loss of business interruption.

24. The Plaintiffs have performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy.

25. Defendant agreed, and was legally and contractually required, to reasonably investigate the loss, provide a reasonable and timely coverage determination, and compensate the Insureds for all covered losses.

26. Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Insureds. Despite this obligation, Defendant has failed to pay *any* sums for the Plaintiffs' loss of business income. Moreover, Defendant has **severely** delayed payments of exterior signs, property damages, etc…

27. Defendant continues to fail to pay for the covered damages despite knowing that the Insured is suffering and continues to suffer damages.

28. Defendant's failure to promptly pay for the Insured's covered loss of business interruption is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

29. As a direct and proximate result of the breaches by Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

B.  COUNT 2 : NEGLIGENCE – LA. CIV. CODE ART. 2315

30. The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 29 of this Original Complaint.

31. Defendant owes a duty of care to the Plaintiffs under the terms and conditions of the Policy and Louisiana law.

32. Defendant breached the duties owed to the Plaintiffs by failing to make just, adequate, and timely payment on claims submitted under the Policy for loss and damage the Plaintiffs sustained caused by a covered cause of loss under the Policy.

33. As a direct and proximate result of the breaches by Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

### C. COUNT 3: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/ VIOLATIONS OF LA.R.S.§ 22:1973

34. The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 33 of this Original Complaint.

35. La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

36. La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

>   (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
>   (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.

  (6) Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probably cause."

 37. The Plaintiffs allege and maintain that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and fair delaying and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." In particular, Defendant:

  (a) Misrepresented pertinent facts and insurance policy provision to the Plaintiffs;

  (b) Failed to reasonably investigate and evaluate the coverages owed for the Plaintiffs' claim;

  (c) Undervalued the Plaintiffs' claims;

  (d) Failed to and continues to fail to adequately and timely communicate with the Plaintiff causing unnecessary delays, duplicative work, and additional expenses for the Plaintiffs;

  (e) Failed to timely pay the requisite amounts owed under the Policy;

  (f) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;

  (g) Refused to pay the undisputed amounts of the claim;

  (h) Acknowledged the coverage obligations owed to the Plaintiffs but refused to provide coverage to the Plaintiffs;

  (i) Unreasonably delayed the resolution and payment of claims made by the Plaintiffs under the Policy after submission of the required proofs of loss;

  (j) Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiffs;

  (k) Failed to provide the Plaintiffs with any reasonable or justifiable basis for withholding policy benefits from the Plaintiffs; and

  (l) Engaged in conduct prohibited by La. R.S. § 22:1964(14).

38. As a direct and proximate result of Defendant's conduct, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

39. La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

40. In addition to the claimed loss and damage as set forth above, the Plaintiffs seek penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

### D. COUNT 4: VIOLATIONS OF LA. R.S. §22:1892

41. The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 40 of this Original Complaint.

42. La. R.S. §22:1892(A)(1) provides: "All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph."

43.     La. R.S. § 22:1892(A)(4) provides: "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim."

44.     La. R.S. § 22:1892(C)(2) provides: "No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays and Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in a settlement of an insurance claim."

45.     The Plaintiffs allege and maintain that the defendant has received satisfactory proofs of loss for the claimed losses and damages for which Defendant has failed to pay any amount within thirty (30) days, as prescribed by La. R.S. § 22:1892(A)(1).

46.     The Plaintiffs allege and maintain that Defendant failed to make any written offer to settle Plaintiffs' property damage claim within thirty (30) days after Defendant received satisfactory proofs of loss of that claim, as prescribed by La. R.S. § 22:1892(A)(4).

47.     The Plaintiffs allege and maintain Defendant's failures as herein alleged were and are unreasonable, arbitrary, and capricious.

48.     As a direct and proximate result of Defendant's failures, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

49.     La. R.S. § 22:1892(B)(1) provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proof is and demand therefor or failure to make a written offer to settle and property damage claim…within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs A(1) and (4), respectively,

or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured…or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

50. La. R.S. § 22:1892(C)(3) provides: "Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater."

51. In addition to the claimed loss and damage as set forth above, the Plaintiffs seek penalties under La. R.S. §22:1892(B)(1) and (C)(3) for Defendant's failures as set forth herein.

E. COUNT 5: BAD FAITH BREACH OF CONTRACT – LA. CIV. CODE ART. 1997

52. The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 51 of this Original Complaint.

53. La. Civ. Code Art. 1997 provides: "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."

54. The Plaintiffs allege and maintain Defendant is an obligor in bad faith under Art. 1997 by and through its acts and/or omissions as set forth in this petition.

55. As a direct and proximate result of the unfair trade practices of Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

56. Defendant is liable for all of the Plaintiffs' damages, foreseeable or not, that are a direct consequence of Defendant's failure to perform.

F. COUNT 6: BREACH OF FIDUCIARY DUTIES

57. The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 56 of this Original Complaint.

58. Defendant owes the Plaintiffs "a high fiduciary duty to discharge its policy obligations to it insured in good faith."[1]

59. Defendant breached the fiduciary duties it owed the Plaintiffs by engaging in the conduct specified above.

60. As a direct and proximate result of the unfair trade practices of Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

VIII. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory, general, and all consequential damages, according to proof;

2. For the full amount of policy benefits owed to HEATHER, INC. under the Policy for the loss and damage sustained by HEATHER, INC. as a result of Hurricane Laura and/or Hurricane Delta, which shall include loss and/or

---

[1] *Kelly v. State Farm Fire & Cas. Co.,* 2014-1921 (La. 5/5/15, 20), 169 So.3d 328, 341.

      damage arising from the following: property damages, exterior signs, loss of business income, extra expenses, betterment, civil authority, etc…;

3. For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

4. For attorney's fees and costs;

5. For experts' fees and costs;

6. For legal interest, according to proof;

7. For punitive and/or treble damages, according to proof; and

8. For all such other and further relief as this Court may deem just and proper.

## IX. DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury on all issues triable to a jury and have included the requisite fee with this filing.

Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC

By: _____

Nishi Kothari, Lead Attorney
Louisiana Bar No. 39655
Clint Brasher
Louisiana Bar No. 29540
Joe Muckleroy
Louisiana Bar No. 30935
1122 Orleans Street
Beaumont, Texas 77701
Telephone: (409) 832-3737
Facsimile: (409) 832-3838
clint@brasherattorney.com
joe@brasherattorney.com
nishi@brasherattorney.com
*Attorneys for the Plaintiffs*